UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SCOTT TRAPP,

                                  Plaintiff,

                    -vs-                                        07-CV-00835-JTC

RELIANCE STANDARD
LIFE INSURANCE COMPANY,

                                Defendant.

_____

This action was commenced by the filing of a summons and verified complaint in Buffalo, New York, City Court on November 15, 2007, and was removed to this court pursuant to 28 U.S.C. § 1441 on the basis of original federal jurisdiction under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* (*see* Item 1). Plaintiff Scott Trapp seeks damages in the amount of $7,500 from defendant, the Reliance Standard Life Insurance Company, for breach of a contract of insurance covering claims for short term disability benefits under an employer-sponsored plan, and defendant has moved for summary judgment (Item 10) dismissing the complaint.

For the reasons that follow, defendant's motion is granted.

## BACKGROUND

The following facts, set forth in defendant's statement submitted pursuant to Rule 56.1(a) of the Local Rules of Civil Procedure for the Western District of New York

(Item 10-3), have not been controverted by plaintiff and are therefore deemed admitted for the purpose of ruling on this motion.[1]

Plaintiff was employed with CV Therapeutics, Inc. as a Cardiovascular Account Specialist until January 12, 2007, when he stopped working due to "stress, anxiety & depression . . . ." AR 96-97.[2] On or about January 17, 2007, plaintiff filed a claim for short term disability benefits as a covered employee under policy number G 100,001, issued by defendant Reliance Standard (*see* AR 4-19, 96-102).

The policy defines the term "disabled" as "(1) unable to do the material duties of his/her job; and (2) not doing any work for payment; and (3) under the regular care of a physician." AR 10. The policy specifically excludes from coverage "any period of disability caused by . . . sickness which is covered by a Workers' Compensation Act, or other worker's disability law; or . . . injury which occurs out of or in the course of work for wage or profit." AR 16. The policy also provides that defendant, as "claims review fiduciary[,]

---

[1] Local Rule 56.1(a) requires that a party moving for summary judgment include with its motion a "separate, short, and concise statement of the material facts to which the moving party contends there is no genuine issue to be tried" and Local Rule 56.1(b) requires that the party opposing the motion include in its opposition papers "a separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried." As the Second Circuit has noted, "[when a party has moved for summary judgment . . . and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992); *see also* Local Rule 56.1(c) (material facts set forth in statement served by moving party deemed admitted unless controverted by opposing party's statement). In this case, despite specific notice from the court and ample opportunity, plaintiff failed to file any type of response to defendant's motion for summary judgment. Accordingly, the facts set forth in defendant's Local Rule 56.1(a) statement are deemed admitted to the extent they are supported by the record evidence. *See Bonilla v. Boces*, 2010 WL 3488712, at *1 (W.D.N.Y. Sept. 2, 2010).

[2] Numerical references preceded by "AR" are to pages of the Administrative Record compiled by defendant, redacted in accordance with Fed. R. Civ. P. 5.2(a), and attached as Exhibit "A" to defendant's Local Rule 56.1(a) statement (Items 10-4, 10-5).

has the discretionary authority to interpret the Plan and the insurance policy and to determine eligibility for benefits." AR 14.

Defendant initially approved plaintiff's claim for short term disability benefits, based on information in plaintiff's medical records indicating diagnosis and treatment for episodic symptoms of a mental health disorder (*see* AR 90). However, on June 13, 2007, defendant sent plaintiff a letter advising that an ongoing review of the records obtained from plaintiff's psychiatrist, Michael P. Hallett, M.D., revealed that plaintiff's condition was "due to a 'problem with [a] female supervisor (old coworker),'" and therefore his claim was a work-related claim and excluded from coverage under the policy. AR 37. The letter specifically referenced Dr. Hallett's notes of plaintiff's office visits on April 2 and May 3, 2007, which reflected that plaintiff was "off since 1/12/07, had problem with his female supervisor (old coworker, we never got along). Hired an attorney. Now on long term disability." AR 37, 61, 63. The letter also advised plaintiff of his right to administrative and judicial review of the denial of his claim (*see* AR 38).

On September 26, 2007, plaintiff sent defendant a letter (AR 29) requesting review of the denial, attaching a note from Dr. Hallett addressed "To Whom It May Concern" and stating that plaintiff's disability was "not due to work related cause" and was "not worker's compensation" (AR 31). Plaintiff also pointed out that he was awarded Social Security disability benefits by "NYS Disability" for the same period, and that his claim was not subject to the policy's Workers' Compensation exclusion because his request for Workers' Compensation benefits was denied (AR 29, 31).

By letter dated October 15, 2007 (AR 24-26), defendant notified plaintiff that it had conducted an independent review of his claim file and determined that the prior decision

to deny short term disability benefits was appropriate. Defendant explained in the letter that, while it did not dispute plaintiff's mental health condition, the information in the file supported the conclusion that the condition was the result of "work-related discord" between plaintiff and a female supervisor barring coverage under the express exclusionary language in the policy (AR 25). With regard to Dr. Hallett's "To Whom It May Concern" note stating that plaintiff's condition was not work-related, defendant found that the statement did not provide substantial evidence to alter the prior determination because it was inconsistent with Dr. Hallett's actual treatment notes clearly indicating that plaintiff's stress, anxiety, and depression were caused by problems with his supervisor at work (*id.*). In addition, the independent review revealed that plaintiff's impairment was work-related at onset, and therefore the previous payment of $7,293.40 in short term disability benefits reflected an overpayment. However, defendant advised plaintiff that it was not seeking reimbursement (*id.*). With regard to plaintiff's contention that he should be found eligible for benefits under the policy because his Social Security disability claim was allowed by New York State, and because his Workers' Compensation claim was denied, defendant explained that because each entity employs different guidelines for determining eligibility for benefits, grant or denial by one entity does not guarantee grant or denial by another (*id.*).

As indicated above, plaintiff filed this lawsuit seeking judicial review of defendant's denial of benefits, and defendant seeks summary judgment dismissing the action. In support of its summary judgment motion, defendant contends that under the applicable standard of limited judicial review for challenging an administrator's determination regarding eligibility for disability benefits under an employee welfare benefit plan governed

by ERISA, the undisputed facts outlined above, as reflected in the administrative record, demonstrate that plaintiff cannot meet his burden of establishing that defendant's denial of his claim for short term disability benefits was arbitrary and capricious. Plaintiff has not responded to defendant's motion (*see* footnote 1, *infra*).

## DISCUSSION

Rule 56 of the Federal Rules of Civil Procedure, as amended effective December 1, 2010, now provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Further:

> If a party fails to properly . . . address another party's assertion of fact as required by Rule 56(c) [setting forth procedures for supporting and objecting to factual positions], the court may . . . grant summary judgment if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it . . . .

Fed. R. Civ. P. 56(e)(3).

In this case, where plaintiff seeks to overturn an administrative determination regarding eligibility for benefits under an employee welfare plan governed by ERISA,[3] the court's review is limited to the facts set forth in the administrative record. *See Miller v. United Welfare Fund*, 72 F.3d 1066, 1072 (2d Cir. 1995). In the absence of any genuine dispute as to those facts, the only question presented on this motion is whether defendant is entitled to judgment as a matter of law under the standards for judicial review of claims for wrongful denial of benefits under ERISA, a question the courts have found particularly

---

[3] ERISA permits a participant or beneficiary of an employee benefit plan to commence a civil lawsuit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

well-suited for summary resolution.  *See, e.g., Baker v. Broadspire Nat'l Servs*., 2007 WL 210396. *4 (W.D.N.Y. Jan. 25, 2007) ("Because there is no right to a jury trial under ERISA, the district court typically acts as the finder of fact and conducts a bench trial 'on the papers.'") (quoting *Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 124 (2d Cir. 2003)).

A denial of benefits under ERISA is reviewed by the district court "under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruce*, 489 U.S. 101, 115 (1989); *see also Muller*, 341 F.3d at 123-24.  If the plan gives the administrator discretionary authority to interpret the plan or to determine eligibility for benefits, then the administrator's decision is subject to a more deferential "arbitrary and capricious" standard of review.  *Burke v. Kodak Retirement Income Plan*, 336 F.3d 103, 109 (2d Cir. 2003), *cert. denied*, 540 U.S. 1105 (2004); *see also Baker*, 2007 WL 210396, at *4.   In this case, it is undisputed that the policy vests defendant with "discretionary authority to interpret the Plan and the insurance policy and to determine eligibility for benefits."  AR 14.  Accordingly, defendant's decision to deny plaintiff's claim for short term disability benefits is subject to the arbitrary and capricious standard of review.  *Burke*, 336 F.3d at 109; *see also Pagan v. Nynex Pension Plan*, 52 F.3d 438, 441 (2d Cir .1995).

As stated by the Supreme Court in *Bowman Transp., Inc. v. Arkansas-Best Freight SYS. Inc.*, 419 U.S. 281 (1974):

> Under the arbitrary and capricious standard the scope of review is a narrow one.  A reviewing court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.  Although this inquiry into the facts is to be searching and

careful, the ultimate standard of review is a narrow one.  The court is not empowered to substitute its judgment for that of the agency.  The agency must articulate a rational connection between the facts found and the choice made.

*Bowman Transp.*, 419 U.S. at 442 (internal quotations, citations, and alterations omitted).

When applying this standard, the court may overturn the decision to deny benefits "only

if the decision [was] 'without reason, unsupported by substantial evidence or erroneous as

a matter of law.'" *Kinstler v. First Reliance Standard Life Ins. Co.*, 181 F.3d 243, 249 (2d

Cir. 1999) (quoting *Pagan*, 52 F.3d at 442).  "Substantial evidence . . . is such evidence

that a reasonable mind might accept as adequate to support the conclusion reached by the

[decisionmaker and] . . . requires more than a scintilla but less than a preponderance."

*Miller*, 72 F.3d at 1072 (internal quotation and citation omitted); *see also Dorato v. Blue*

*Cross of Western New York, Inc.*, 163 F. Supp. 2d 203, 209 (W.D.N.Y. 2001).  In making

this determination, the reviewing court "may consider only the evidence that the fiduciaries

themselves considered."  *Miller*, 72 F.3d at 1071.

Application of the arbitrary and capricious standard in this case reveals that

defendant's decision to deny plaintiff's claim for short term disability benefits was based

on a thorough consideration of plaintiff's medical records, demonstrating a rational

connection between the facts presented and the choice to exclude coverage under the

plain language of the policy.  Dr. Hallett's contemporaneous treatment notes clearly reflect

that plaintiff's symptoms of depression and anxiety  were directly related to his problems

with his supervisor at work (*see* AR 61, 63, 65, 67, 70), providing ample evidence to

support defendant's determination that plaintiff's condition "occur[ed] out of or in the course

of work for wage or profit."   AR at 16.  In addition, the record reveals that defendant fully

considered and correctly rejected plaintiff's argument that defendant should be bound by either the Workers' Compensation determination or the award of Social Security disability benefits, since those determinations involve application of rules, definitions, and presumptions that do not apply to plan administrators' determinations under ERISA. *See, e.g., Kunstenaar v. Conn. Gen. Life Ins. Co.*, 902 F.2d 181, 184 (2d Cir. 1990) (administrator of employee welfare benefit plan under ERISA is bound by language of the plan, not by statutory definitions applicable to claims for Social Security disability or New York Workers' Compensation benefits); *Billinger v. Bell Atlantic*, 240 F. Supp. 2d 274, 285-86 (S.D.N.Y. 2003) (while decision to grant Social Security disability benefits may be considered as some evidence of disability, it is "far from determinative" on ERISA review of plan administrator's decision; rather, plan language controls), *aff'd*, 124 Fed. Appx. 669 (2d Cir.), *cert. denied*, 546 U.S. 843 (2005).

Finally, in applying the arbitrary and capricious standard, the court "must weigh as a relevant factor whether an insurer operates under an inherent conflict of interest, by both administering a plan and paying benefits out of its own funds." *Zuckerbrod v. Phoenix Mut. Life Ins. Co.*, 78 F.3d 46, 49 (2d Cir.1996). It is not disputed in this case that defendant operated as both the insurer and the administrator of the plan, raising the inference of an inherent conflict. *See Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 114-15 (2008) (inherent conflict presumed for ERISA purposes where plan administrator is professional insurance company hired by employer). However:

> the simple fact that the administrator of a plan happens to be an arm of the employer does not in itself create a conflict of interest. Moreover, the plaintiff must explain how such an alleged conflict affected the reasonableness of the Plan's administrator's decision. That is, a reasonable interpretation of the

Plan will stand unless the participants can show not only that a potential conflict of interest exists, but that the conflict affected the reasonableness of the administrator's decision.

*Kocsis v. Standard Ins. Co.*, 142 F. Supp. 2d 241, 253 (D.Conn. 2001) (internal quotation marks, citations, and alterations omitted).

Plaintiff has come forward with no evidence to show, or to even suggest the likelihood, that this presumed conflict of interest somehow affected defendant's determination that the evidence in the medical records clearly required denial of plaintiff's claim under a reasonable reading of the plain exclusionary language of the policy. In the absence of any such showing, or any other indication of clear error of judgment, defendant's decision must stand.

Accordingly, upon review of the plan administrator's determination in light of the relevant legal standards, the court finds that defendant's denial of plaintiff's claim for short term disability benefits is supported by substantial evidence in the record and must be upheld.

## CONCLUSION

Based on the foregoing, defendant's motion for summary judgment (Item 10) is granted, and the complaint is dismissed. The Clerk of the Court is directed to enter judgment in favor of defendant.

So ordered.

\s\ John T. Curtin<br>
JOHN T. CURTIN<br>
United States District Judge

Dated: December 22, 2010
p:\opinions\07-835.dec222010